UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AYODELE AKINOLA,

    Plaintiff,

v.

DAVID SEVERNS, et al.,

    Defendants.

3:11-CV-00681-LRH-WGC

ORDER

    Before the court are three motions: first, Defendant David Severns ("Severns") and the State of Nevada's Motion to Dismiss Plaintiff's Complaint (#13[1]); second, Severns' Motion to Dismiss Plaintiff's Amended Complaint (#16); and third, Severns' Motion to Grant His [First] Motion to Dismiss the Complaint (#17). The first and third motions shall be denied, as the first motion was rendered moot upon Plaintiff Ayodele Akinola's timely filing of an Amended Complaint (#14) as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). The court shall consider the matter solely on the second motion to dismiss (#16), along with Akinola's opposition (#18) and Severns' reply (#19).

**I.   Facts and Procedural History**

    This is an equal protection action under 42 U.S.C. § 1983 arising out of Ayodele Akinola's employment with the Nevada Department of Transportation ("NDOT") as an associate engineer in

---

[1]Refers to the court's docket entry number.

Carson City.  Severns is the Assistant Chief Structural Engineer and Akinola's superior.

Akinola alleges that Severns holds animus against Akinola based upon his national original and race.  Akinola was born and educated in Nigeria and is African-American.  Akinola alleges that Severns exhibited this animus by criticizing Akinola's speech and writing as being in "1700s Kings English," by commenting that Akinola "eats like a horse," by telling Akinola that he would mandate policy "to fix the way you write," by saying to Akinola, "You drive a nice car, you smell good, you dress nice, but you are a pretender," and by discriminating against Akinola's Nigerian engineering degree by requesting an evaluation of the degree even though Severns knew it has been deemed equivalent to an accredited domestic degree.  Akinola alleges he was the only one in the entire department and building affected by Severns animus, and he has never made any of these types of comments to Caucasians and non-African-Americans.

Akinola reported his concerns about Severns to the NDOT personnel manager and stated that he wanted to file a grievance.  Although Akinola feared retribution and requested it be kept confidential, the personnel manager reported Akinola's comments to Severns, who became frustrated.  Severns then allegedly embarked on a course of retaliatory conduct against Akinola, including denying Akinola overtime and holiday pay, charging back hours to his time sheet, preventing him from obtaining and using needed software that would increase his efficiency, reassigning him under a different supervisor to gain more experience when in fact Akinola had more experience than the supervisor, removing his duties as Bridge Inspection Team Leader, replacing him in that position with a Caucasion, American-born female who was less qualified and experienced, and reprimanding Akinola for seeking input from others regarding his 2010 performance.

On September 22, 2011, Akinola filed this action against the State of Nevada and Severns in his individual capacity.  After the defendants filed a joint Motion to Dismiss the complaint, Akinola timely filed an Amended Complaint (#14) as of right on November 28, 2011.  Akinola

then accepted the State's offer of judgment (#15), and the court accordingly entered judgment against the State, leaving Severns as the only remaining defendant. Akinola's claims against Severns include (1) a § 1983 claim for race and national origin discrimination and retaliation in violation of the Fourteenth Amendment right to equal protection, (2) a § 1983 claim for First Amendment retaliation, and (3) a § 1981 claim for race and national origin discrimination in employment.[2] Severns moves to dismiss all claims.

## II.    Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

---

[2] Akinola's Third Claim for Relief for negligent training and supervision is alleged only against the State of Nevada.

3

relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

**III.   Discussion**

   **A.  Equal Protection**

In Akinola's First Claim for Relief pursuant to 42 U.S.C. § 1983, he alleges that Severns, acting under color of state law, deprived Akinola of his right to equal protection under the Fourteenth Amendment through both intentional discrimination and retaliation. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994). Severns moves to dismiss the claim on the basis that Akinola has failed to adequately allege an adverse employment action because the

mistreatment allegedly suffered by Akinola does not constitute a hostile or abusive work environment.

To state a claim for discrimination based on a hostile work environment, the conduct at issue must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995). "The working environment must both subjectively and objectively be perceived as abusive." *Id.* The court considers the totality of the circumstances, which may include the frequency and severity of the discriminatory conduct, whether it is physically threatening or humiliating or a mere offensive utterance, and the level of interference with work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The law does not protect employees from simple teasing, offhand comments and isolated incidents (unless extremely serious); "conduct must be extreme to amount to a change in the terms or conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Even taking the conduct alleged in Akinola's complaint in the aggregate, it does not rise to the level of "extreme" conduct that has been held to be so severe or pervasive as to alter the conditions of employment and create an abusive work environment. *Id.* at 786, 788; *see, e.g.*, *Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 872-73 (9th Cir. 2001). Rather, the conduct Akinola alleges even falls short of cases where the court found no hostile work environment despite offensive conduct specifically directed at the plaintiff. *See, e.g.*, *Manatt v. Bank of America, NA*, 339 F.3d 792, 795-96, 799 (9th Cir. 2003) (colleagues told racially offensive jokes, called plaintiff a "China man" and "China woman," pulled their eyes back with their fingers to mock the appearances of Asians, and ridiculed plaintiff for word mispronunciations); *Jordan v. Clark*, 847 F.2d 1368, 1375 (9th Cir. 1988) (plaintiff's supervisor made "sexist comments" and co-workers told "off-color jokes"); *see also Garity v. Potter*, 2008 WL 872992, *4-5 (D. Nev. 2008) (collecting other cases, and holding that "an unpleasant employment atmosphere" with coworkers and

supervisors who were "rude, unfriendly, and even disliked" the plaintiff was insufficient). Thus, to the extent Akinola's equal protection claim is predicated on a hostile work environment theory, the claim cannot be sustained.

Nonetheless, a hostile work environment is not the only way to establish adverse employment action to support an equal protection claim. As Akinola points out, his complaint also contains allegations that, *inter alia*, he was refused overtime and holiday pay, reassigned and replaced by a lesser qualified employee, and had his duties removed, all of which may be considered adverse employment actions for purposes of a discrimination claim. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (noting that the Ninth Circuit takes "an expansive view of the type of actions that can be considered adverse employment actions").

Thus, while Akinola's allegations are insufficient to state a claim for discrimination based on a hostile work environment, the court rejects Severns' contention that Akinola has failed to adequately allege an adverse employment action to support his equal protection claim. The motion to dismiss shall therefore be denied without prejudice as to the First Cause of Action.

### B. First Amendment Retaliation

In his Second Claim for Relief, Akinola alleges that Severns violated his First Amendment right to free speech by retaliating against Akinola for complaining to the personnel manager about Severns' discriminatory conduct. Severns moves to dismiss the claim, contending that Akinola has failed to allege speech on a matter of public concern and that Severns is entitled to qualified immunity.

"To sustain a First Amendment retaliation claim, a public employee must show (1) the employee engaged in constitutionally protected speech, (2) the employer took adverse employment action against the employee, and (3) the employee's speech was a 'substantial or motivating' factor in the adverse action." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (quoting *Freitag v. Ayers*, 468 F.3d 528, 543 (9th Cir. 2006)). Determining whether the

speech at issue touched on a matter of public concern is purely a question of law properly decided on a motion to dismiss. *Gibson v. Office of Atty. Gen., State of Cal.*, 561 F.3d 920, 925 (9th Cir. 2009). The plaintiff "bear[s] the burden of showing that [his] speech addressed an issue of public concern based on the content, form, and context of a given statement, as revealed by the whole record." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009) (citations and internal quotation marks omitted).

The "greatest single factor" in determining whether speech addressed a matter of public concern is the content of the speech. *Id.* (citation omitted). "If employee expression relates to an issue of 'political, social, or other concern to the community,' it may fairly be said to be of public concern." *Brewster v. Lynwood Unified Sch. Dist.*, 149 F.3d 971, 978 (9th Cir. 1998) (*quoting Connick*, 461 U.S. at 146). In particular, speech addresses a matter of public concern where it involves "issues about which information is needed or appropriate to enable the members of society to make informed decision about the operation of their government." *Desrochers*, 572 F.3d at 710 (citation omitted). "On the other hand, speech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies is generally not of 'public concern.'" *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (citation omitted).

Although complaints of discriminatory policies and practices in public employment can constitute a matter of public concern, *see Givhan v. W. Line Consol. Sch. Dist.*, 439 U.S. 410 (1979), the complaints at issue here solely concerned Akinola's own mistreatment by a single employee—purely an individual personnel grievance. In complaining to the personnel manager about Severns' mistreatment of him, Akinola was thus speaking "not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest." *Connick v. Myers*, 461 U.S. 138, 147 (1983). Thus, even if Severns' retaliatory conduct in response to Akinola's complaints may constitute a violation of Akinola's right to equal protection under the

7

Fourteenth Amendment, this is not a First Amendment free speech issue. The motion to dismiss shall be granted as to the Second Claim for Relief.

### C. Section 1981

Akinola's Fourth Claim for Relief pursuant to 42 U.S.C. § 1981 for race and national origin discrimination is expressly based on "[t]he same discriminatory conduct forming the basis for the equal protection claim"—his First Claim for Relief under § 1983. *See* Complaint (#14), ¶ 37. Severns moves to dismiss the claim, relying on the Ninth Circuit's recognition that "the prohibition on discrimination by a state or its officials contained in § 1981 can be enforced against state actors only by means of § 1983." *Pittman v. Oregon, Emp't Dep't*, 509 F.3d 1065, 1068 (9th Cir. 2007) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)). Akinola makes no argument in rebuttal, failing to even mention his § 1981 claim in his opposition. The Fourth Claim for Relief shall be dismissed accordingly.

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss the Complaint (#13) is DENIED as moot, and Defendant Severns' Motion to Grant His Motion to Dismiss the Complaint (#17) is DENIED.

IT IS FURTHER ORDERED that Defendant Severns' Motion to Dismiss Plaintiff's Amended Complaint (#16) is GRANTED in part as to Plaintiff's Second and Fourth Claims for Relief and DENIED in part as to Plaintiff's First Claim for Relief.

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8